Case 2:25-cv-00022   Document 8   Filed on 03/25/25 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
March 25, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SIDNEY MAURICE THOMPSON, IV, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:25-CV-00022 |
| | § | |
| THE STATE OF TEXAS, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Sidney Maurice Thompson, IV ("Plaintiff") filed this *pro se* prisoner civil rights action pursuant to 42 U.S.C. § 1983. (Doc. No. 1.)[1] As discussed below, the undersigned recommends dismissal of Plaintiff's case without prejudice.

On January 27, 2025, the Clerk issued a Notice of Deficient Pleading, notifying Plaintiff that he must do the following within 30 days:

> Pay a fee of $405.00 or provide an application to proceed in forma pauperis [("IFP")]. The applicant is instructed to attach a certified copy of his inmate trust fund account history containing the deposits and monthly balances for the six month period preceding the filing of this lawsuit. The applicant is advised to request a certified copy of his trust account from the unit law librarian.

(Doc. No. 4.) The Clerk attached to the Notice of Deficient Pleading a blank Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. No. 4-1). Plaintiff was warned that failure to comply with the Notice of Deficient Pleading in a timely manner may result in his case being dismissed for want of prosecution. (Doc. No. 4.) Plaintiff failed to respond.

---

[1] This case has been referred to the undersigned for pretrial management and recommendations on dispositive matters, pursuant to 28 U.S.C. § 636.

On February 27, 2025, the undersigned issued an order directing Plaintiff to show cause why this case should not be dismissed for want of prosecution. (Doc. No. 6.) The order directed Plaintiff to either submit the filing fee of $405.00 or submit a fully completed motion to proceed *in forma pauperis* along with a certified copy of the trust fund account statement (or institutional equivalent for the six-month period preceding the filing of the complaint). *Id*. at 2. Plaintiff was warned that failure to comply with the Notice of Deficient Pleading by March 20, 2025, could result in his case being dismissed for want of prosecution. *Id*. As of the date of this memorandum, Plaintiff has not responded to the Court's February 27 show-cause order.

A district court may dismiss a case for failure to prosecute or comply with court orders. Fed. R. Civ. P. 41(b); *see also Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) ("The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant."). Plaintiff has repeatedly failed to satisfy the requirements to pursue his § 1983 case and has not complied with the Court's order. The Court has advised Plaintiff multiple times, through a Notice of Deficient Pleading and the show-cause order, that this action would be dismissed if he failed to comply with these court orders. (Doc. Nos. 4, 6.) Despite the Court's warnings and opportunities to remedy this case's deficiency, Plaintiff has failed to follow court orders by either paying the filing fee or applying to proceed *in forma pauperis*. For these reasons, the undersigned recommends that Plaintiff's case be **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within 14 days after being served with a copy of this Memorandum and Recommendation, any party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1),

and General Order No. 2002-13, United States District Court for the Southern District of Texas. A failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions that are accepted by the district court. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

      SIGNED on March 25, 2025.

MITCHEL NEUROCK
United States Magistrate Judge